## J. H. HINES *v.* J. D. BRUMMELL.

**Judicial Sale of Real Estate—Liability of Bidder.**

> Where one bids at a judicial sale of real estate, but fails to give bond and pay for the land, and the commissioner does not report the bid and sale, but resells the same to another bidder for a less price, which sale is reported and confirmed, no recovery can be had from the first bidder for the difference between his bid and the second bid.

**Bid at Judicial Sale.**

> Before a purchaser at a commissioner's sale should be held liable on his bid the court should, by rule or otherwise, notify him to comply with the terms of his purchase, and this should be done before the court confirms a sale of the same property to another.

APPEAL FROM McCRACKEN CIRCUIT COURT.

December 5, 1877.

OPINION BY JUDGE ELLIOTT:

Bloomfield obtained a judgment against appellant in equity by which appellant's land was adjudged to be sold. At the commissioner's sale appellant bid off the land, but failed to give bond for the purchase price.

It seems that a Mr. Waltman had come to town on the day of sale to bid for the land, but learning that the debtor wished to buy it, he refused to bid and went home, but after the failure of appellant

to give the purchase money bond, appellee said to the plaintiff in the judgment, and also to the commissioner, that he had no doubt that Waltman would pay the debt for the land, and it was then agreed that appellee should bid the amount of the debt for the land and bid it in for Waltman, and if Waltman refused to confirm the purchase the land could only be sold again.

In pursuance of this understanding the commissioner again cried the land for sale, and appellee bid the debt, and he was put down as the purchaser. In a short time thereafter the commissioner saw Waltman, who refused to take the land, and thereupon the commissioner again advertised and sold the land, when the judgment creditor became the purchaser at the price of $1,200, which was $618.40 less than had been bid by Brummell for the same land.

The sale to Brummell was not reported to court, but the sale to the judgment creditor was reported to court and confirmed; and this suit is to make Brummell pay the difference between his bid for the land of $1,818.40, and the $1,200 for which the appellant's land afterwards sold.

There can be no doubt that if the commissioner had reported appellee's purchase to the court that he could have been forced to comply with the terms of sale and take the land, and if after he had been ruled to comply with his contract and had failed and refused to do so, and in consequence a re-sale of the land would have been necessary and ordered, and on the re-sale the land had brought less than appellant's bid, he would have been responsible for the difference.

But in this case the commissioner and the court gave him no chance to keep the land and pay the amount he had bid for it, for as soon as Waltman refused to execute the contract the commissioner resold it and reported that sale instead of the sale to appellee, and the appellant, instead of excepting to it and asking the court to rule appellee to comply with his purchase, stood silently by and permitted the sale to Bloomfield, the judgment creditor, to be confirmed, and after that, by his negligence in placing it out of the power of the court to compel appellee to take the land and pay for it, appellant brings this suit to recover from appellee the difference between the two sales.

Before a purchaser at a commissioner's sale should be held responsible on his bid the court should, by rule or otherwise, notify him that he is expected to comply with the terms of his purchase, and this should be done before the court had confirmed a sale of

the same property to another and thus placed it out of its power to ever vest the title in the first purchaser.

This is unlike the case reported in *Watson's Adm'r v. Violett,* 2 Duvall 332. There the first purchaser was notified by rule to pay the money and take the land, and by his refusal he occasioned a re-sale, and the court held that he should make good the loss on the last sale.

Wherefore the judgment is *affirmed.*

*J. B. Husbands, for appellant.    J. M. Biggs, for appellee.*